Bernard F. McCaffrey, J.
This is an application under article 78 of the CPLR brought by petitioners, a number of school teachers, against their employer, the Board of Education Union Free School District No. 11, Oceanside, New York, to compel respondents to grant petitioners sabbatical leaves under a collective bargaining agreement. This petition is dismissed.
The petitioners seek the afore-mentioned relief based upon their interpretation of a collective bargaining agreement in effect from July 1, 1970 to June 30, 1971. Their claim is that the school district is in violation of section 5 of article V on pages 5 and 6 of the agreement, which provides for the granting of 15 sabbatical leaves annually and the eligibility requirements to receive the sabbatical leaves.
During the 1971 New York State legislative session an amendment to the Civil Service Law, chapter 124 of the Laws of 1971, was enacted setting forth that no sabbatical'leave shall be granted for a period of one year from the effective date of the statute, which was April 12, 1971. Thereafter, as a result of negotiations the Oceanside Faculty Association, representative of the teachers, and the Oceanside Board of Education Union Free School District No. 11, entered into a new collective bargaining agreement effective from July 1, 1971 until June 30, 1973, containing no provision for sabbatical leaves during the year *319 1971-1972, and containing a conditional provision for 1972-1973, in the event the Legislature permits them.
In October, 1970 the Board of Education posted an announcement requesting that sabbatical leaves for the school year 1971-1972 be submitted no later than November 2,1970. The petitioners filed the necessary information pursuant thereto. No further action was taken by the board, except for processing the applications in January, 1971, until after April 14, 1971, when petitioners were told ‘1 there would be no sabbatical leaves for the current school year”. The Board of Education contends that during the year in dispute, namely, 1970-1971, they had granted the 15 sabbaticals as provided in the collective bargaining agreement then in existence and by virtue of section 82 of the Civil Service Law they were prevented from granting any sabbatical leaves for the year 1971-1972.
The petitioners argue that by virtue of the contract in existence during the 1970-1971 school year they had vested contractual rights and the provisions of the afore-mentioned law could not in any way affect the contractual obligation between the school board and the petitioners, and petitioners cite subdivision 3 of section 82 of the Civil Service Law, which states in part: “ 3. Construction. This section shall not be construed so as to impair any contractual right to a leave of absence or sabbatical leave of absence where such contractual right was in existence and enforceable prior to the effective date of this section.”
The court concludes that subdivision 3 of section 82 of the Civil Service Law is not applicable in this instance in that petitioners have failed to establish that “ such contractual right was in existence and enforceable prior to the effective date of this section ”. Prior to April 12, 1971, the effective date of section 82 of the Civil Service Law (L. 1971, ch. 124), there had been no negotiated collective bargaining agreement in existence containing the provision granting sabbatical leaves for the forthcoming school year 1971-1972. To the contrary, when the collective bargaining agreement was constructed for 1971-1973, it made no provision for the granting of sabbatical leaves during the year 1971-1972. Prior history also indicates that the number of sabbaticals granted during the school year coincided with the number provided in the labor contract for that year.
Since there was not in existence on April 12, 1971 an agreement relating to sabbatical leaves for the year 1971-1972, there was no enforceable provision for sabbatical leaves during 1971-1972. In Matter of Messano v. Board of Educ. of Union Free School Dist. No. 23, Massapequa (39 A D 2d 579) the court has *320 stated. “ that such a right would have arisen only out of the labor contract * * * establishing the * * * rights and obligations of the parties for the school year 1971-72. No such agreement was in effect on April 12,1971 In accord therewith the relief sought by petitioners is denied, and their petition dismissed.